## SHULAR v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*

1. **Railroads :** PASSENGER : FARE: DUTY OF CONDUCTOR. The conductor of a railroad train has the right to require one who does not pay his fare to leave the train.

2. **The Evidence in this case** held sufficient to justify the conductor in putting one off the train who did not pay his fare.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*Geo. H. Benton* for appellant.

(1) The judgment is for the plaintiff, when it should have been for the defendant, and the court erred in not instructing the jury to find a verdict for the defendant, as requested to do at the close of plaintiff's evidence, and of the whole case. *Powell v. Railroad,* 76 Mo. 83 ; *Harris v. Woody,* 9 Mo. 113 ; *Commissioners v. Clark,* 94 U. S. 284. (2) The court erred in permitting evidence of plaintiff's sickness and anguish of mind to be given to the jury, because such evidence was incompetent and illegal. *Trigg v. Railroad,* 64 Mo. 153 ; Pierce on Railroads [Ed. 1881] 302 ; *Railroad v. Birney,* 71 Ill. 391 ; *Hobbs v. Railroad,* 10 Q. B. 111; *P. P. Car Company v. Barker,* 4 Col. 344 ; *Francis v. St. Louis Transfer Co.,* 5 Mo. App. 7 ; *Nelson v. Railroad,* 68 Mo. 593 ; *Marshall v. Railroad,* 78 Mo. 68. (3) The court erred in refusing to give the instructions asked by the defendant, and in giving those asked by the plaintiff. Cases above cited. (4) The verdict is excessive, and the court

erred in not sustaining defendant's motion for a new trial. *Morse v. Duncan*, 15 Cent. Law Jour. 488, and cases cited under second point.

*W. T. Leeper* and *C. D. Yancey* for respondent.

NORTON, C. J.—This action was commenced by plaintiff to recover one thousand dollars damages for the alleged unlawful ejection of plaintiff from one of its passenger trains. Plaintiff had judgment for four hundred dollars, from which the defendant has appealed, and alleges as one ground of error the action of the court in refusing to instruct the jury that, under the evidence, plaintiff was not entitled to recover.

Plaintiff testified that he entered one of defendant's passenger cars, at Poplar Bluff, to go to Piedmont, another station on defendant's road; that he was approached by the conductor, who demanded his fare; that he did not pay it, but pointed the conductor to his friend, Powers, who was also on the car, and said he would pay his fare; that he saw Powers give the conductor a ticket and twenty cents, and Powers told him it was for his, the witness', fare; that he rode on the train from Poplar Bluff to Williamsville, when the conductor came to him and said that he had to get off; that he told the conductor that his fare was paid to Piedmont, and that he would not get off; that the conductor said he had to get off; that he did get off, and had to remain at Williamsville all night, and went to Piedmont the next morning on the train.

Powers testified that when the conductor came to him he handed him a ticket from Mill Springs to Poplar Bluff, and asked him how much more in money he wanted to pay Shular's fare to Piedmont, and he said twenty cents, which he paid, and said he did not have money enough to pay his own fare, but that he had a friend in the car from whom he could get the money for

him, and if his friend had not got on he would get him a ticket when they arrived at Piedmont; that, when the train whistled, as he supposed, for Hendrickson, he went back to look for his friend, and when he came back Shular was gone; that he asked the conductor what had become of him and was told he was off; that he asked him to stop the train and get him on, which he refused to do; that, when the train reached Mill Springs, a friend of his came on the train from whom he got $1.25, which he handed the conductor as his fare, but he did not take full fare and kept only sixty-five cents; that, before coming into the station at Williamsville, where Shular was put off, the conductor passed him and touched him on the shoulder and asked him if he had seen his friend and got the money; that he did not remember of telling the conductor when he gave him the ticket that this ticket pays for two.

The conductor testified that plaintiff and Powers got on the train at Poplar Bluff; that he went through the train to collect fares and tickets; that Shular was lying down in his seat; that he asked him for his ticket; that, at that instant, Powers, who was occupying the seat next behind him, raised to his feet, saying, "here is a ticket for two," to which he replied "no, you are mistaken, it is but one ticket and good only for one fare." Powers then said he would pay the other fare on his arrival at Piedmont, to which the conductor replied that he could not take that offer. Powers then said he thought he had a friend on the train from whom he could borrow the money, the conductor telling him, "very well, you had better see him and get the money before the next station." The conductor further testified as follows: "As the train was nearing Williamsville, I returned and asked Mr. Powers if he had seen his friend and obtained the money; he said, 'no'; I then placed my hand on Mr. Shular, and said, 'you must get off here, as your friend cannot pay the fare'; at the same instant Mr. Powers

arose and walked back into the second coach.   Mr. Shu-
lar then pulled on his boots and stepped off on the depot
platform when the train stopped at the station.   After
leaving Williamsville, Mr. Powers approached and ap-
peared to be very much exercised, and asked me if I had
put his friend off the train ; I said, ' yes ' ; he said, ' you
are a cold-hearted man, and have no charity in your
soul ; that man is sick, and I would have given you my
watch as security, or anything I had '; I said, ' you could
have done so, if you so desired ; you have had over an
hour's time to consider the matter.'   On arrival of the
train at Mill Springs, friends of Mr. Powers boarded the
train, from whom he borrowed money.   He then came
and offered to pay his fare from Poplar Bluff to Pied-
mont ; I said, ' no, you have paid that, and owe me only
for your friend from Poplar Bluff to Williamsville,
sixty-five cents '; he gave me a dollar, and I gave him
the change, taking out sixty-five cents.''

It is clear that the conductor of a train has the right
to require a person to leave the train who does not pay
his fare, and it is also clear, both from the evidence of
Powers and the conductor, that Powers rode to Pied-
mont, his destination, on the only fare that was paid.
The conductor demanded the fare both of Powers and
Shular, and received a ticket and twenty cents from
Powers, which paid only for one fare, and before the
train reached Williamsville, where Shular was put off,
the conductor asked Powers if he had seen his friend
and got the money for the other fare.   Under these cir-
cumstances, which are undisputed, the conductor had a
right to regard the ticket and twenty cents paid him by
Powers as a payment of his own fare, especially so as it
was not till after Shular was put off and the train had
reached Mill Springs that Powers offered to pay the
other fare, although ample time had been given him,
and when it was refused on the ground that he, Powers,
had paid his fare to Piedmont, and only owed him for

McFadden v. The Mo. Pac. Ry. Co.

the fare of his friend from Poplar Bluff to Williamsville, where he had been put off, he accepted the situation and only paid sixty-five cents, the amount of such fare.

On the undisputed fact that Powers only paid one fare from Poplar Bluff to Piedmont, and that he got the benefit of that, the court should have sustained the\ demurrer to the evidence, and for its refusal to do so, the judgment is reversed, in which all concur.